```
                    FILED
          CLERK, U.S. DISTRICT COURT

                  5/21/20

          CENTRAL DISTRICT OF CALIFORNIA
          BY:      CS          DEPUTY
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-21964-CIV-ALTONAGA/Goodman

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.

TCA FUND MANAGEMENT GROUP CORP.,
*et al.*,

    Defendants, and

TCA GLOBAL CREDIT FUND, LP; *et al.*,

    Relief Defendants.
_____/

MC20-55

## JUDGMENT OF PERMANENT INJUNCTION AND OTHER RELIEF

**THIS CAUSE** came before the Court on Plaintiff, the Securities and Exchange Commission's ("SEC['s]" or "Commission['s]") Notice of Partial Settlement and Unopposed Motion for Entry of Judgment [ECF No. 6]. The Commission having filed a Complaint [ECF No. 1] and an Unopposed Expedited Motion and Memorandum of Law for Appointment of Receiver ("Receiver Order") [ECF No. 3], and Defendants TCA Fund Management Group Corp. ("TCA") and TCA Global Credit Fund GP, Ltd. ("GP") (collectively, "Defendants"), and Relief Defendants TCA Global Credit Master Fund, LP, TCA Global Credit Fund, Ltd., and TCA Global Credit Fund, LP (collectively, "Relief Defendants") having entered a general appearance; consented to the Court's jurisdiction over Defendants and Relief Defendants and the subject matter of this action; consented to entry of this Judgment of Permanent Injunction and Other Relief ("Judgment") without admitting or denying the allegations of the Complaint (except as to personal and subject matter jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal

from this Judgment, it is **ORDERED AND ADJUDGED** that the Motion **[ECF No. 6]** is **GRANTED** as follows:

## I.
## PERMANENT INJUNCTIVE RELIEF

### A.
### Section 17(a) of the Securities Act

**IT IS HEREBY ORDERED** that Defendants TCA and GP are permanently restrained and enjoined from violating, directly or indirectly, Section 17(a) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. § 77q(a), in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails:

(a) to employ any device, scheme, or artifice to defraud;

(b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser,

by, directly or indirectly, (i) creating a false appearance or otherwise deceiving any person, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any investor or prospective investor, about:

(a) any investment in or offering of securities;

(b) the valuation of any assets, investments, or securities;

(c) any returns on investment or performance results;

(d) the prospects for success of any product or company; or

(e) compensation or fees paid to any person or entity.

**IT IS FURTHER ORDERED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendants TCA's and GP's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants TCA and GP, or with anyone described in (a).

## B.
### Section 10(b) of the Exchange Act and Rule 10b-5 thereunder

**IT IS HEREBY ORDERED** that Defendants TCA and GP are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder, *see* 17 C.F.R. § 240.10b-5, by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person,

by directly or indirectly, (i) creating a false appearance or otherwise deceiving any person, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any investor or

prospective investor, about:

    (a) any investment in or offering of securities;

    (b) the valuation of any assets, investments, or securities;

    (c) any returns on investment or performance results;

    (d) the prospects for success of any product or company; or

    (e) compensation or fees paid to any person or entity.

**IT IS FURTHER ORDERED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendants TCA's and GP's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants TCA and GP, or with anyone described in (a).

## C.
### Sections 206(1) and 206(2) of the Advisers Act

**IT IS HEREBY ORDERED** that Defendant TCA is permanently restrained and enjoined from violating, directly or indirectly, Sections 206(1) and 206(2) of the Investment Advisers Act of 1940 ("Advisers Act"), 15 U.S.C. §§ 80b-6(1) and 80b-6(2), by using the mails or any means or instrumentality of interstate commerce:

    (a)    to employ any device, scheme, or artifice to defraud any client or prospective client; or

    (b)    to engage in any transaction, practice, or course of business which operates as a fraud or deceit upon any client or prospective client;

by directly or indirectly, (i) creating a false appearance or otherwise deceiving any any client or prospective client, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication

with any any client or prospective client, about:

(a) any investment in or offering of securities;

(b) the valuation of any assets, investments, or securities;

(c) any returns on investment or performance results;

(d) the prospects for success of any product or company; or

(e) compensation or fees paid to any person or entity.

**IT IS FURTHER ORDERED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendant TCA's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant TCA, or with anyone described in (a).

## D.
### Section 206(4) of the Advisers Act
### and Rule 206(4)-8 thereunder

**IT IS HEREBY ORDERED** that Defendant TCA is permanently restrained and enjoined from violating, directly or indirectly, Section 206(4) of the Advisers Act, 15 U.S.C. § 80b-6(4), and Rule 206(4)-8 thereunder, *see* 17 C.F.R. § 275.206(4)-8, by using the mails or any means or instrumentality of interstate commerce, while engaged in the business of advising a pooled investment vehicle for compensation as to the advisability of investing in, purchasing or selling securities:

(a) to make any untrue statement of a material fact or omit to state a material fact necessary to make the statements made, in the light of the circumstances under which they were made, not misleading, to any investor or prospective investor in a pooled investment vehicle; or

  (b) otherwise engage in any act, practice, or course of business that is fraudulent, deceptive, or manipulative, with respect to any investor or prospective investor in a pooled investment vehicle;

by directly or indirectly, (i) creating a false appearance or otherwise deceiving any investor or prospective investor, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any investor or prospective investor, about:

  (a) any investment in or offering of securities;

  (b) the valuation of any assets, investments, or securities;

  (c) any returns on investment or performance results;

  (d) the prospects for success of any product or company; or

  (e) compensation or fees paid to any person or entity.

**IT IS FURTHER ORDERED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendant TCA's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant TCA, or with anyone described in (a).

### E.
### Section 206(4) of the Advisers Act
### and Rule 206(4)-7 thereunder

**IT IS HEREBY ORDERED** that Defendant TCA is permanently restrained and enjoined from violating Section 206(4) of the Advisers Act, 15 U.S.C. § 80b-6(4), and Advisers Act Rule 206(4)-7, 17 C.F.R. § 275.206(4)-7, by use of the mails or any means or instrumentality of

CASE NO. 20-21964-CIV-ALTONAGA/Goodman

interstate commerce, directly or indirectly failing to adopt and implement written policies and procedures reasonably designed to prevent violation of the Advisers Act and the rules thereunder.

**IT IS FURTHER ORDERED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendant TCA's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant TCA, or with anyone described in (a).

### F.
### Section 207 of the Advisers Act

**IT IS HEREBY ORDERED** that Defendant TCA is permanently restrained and enjoined from violating Section 207 of the Advisers Act, 15 U.S.C. § 80b-7, by willfully making untrue statements of material fact in Forms ADV filed with the Commission, or willfully omitting to state in such Forms ADV any material facts required to be stated therein.

**IT IS FURTHER ORDERED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendant TCA's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant TCA, or with anyone described in (a).

### II.

### DISGORGEMENT, PREJUDGMENT INTEREST, AND CIVIL PENALTIES

**IT IS FURTHER ORDERED** that upon motion of the Commission, the Court shall determine whether it is appropriate to order disgorgement of ill-gotten gains and/or civil penalties pursuant to Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d), and Section 21(d)(3) of the Exchange Act, 15 U.S.C. § 78u(d)(3), and as to Defendant TCA only, Section 209(e) of the

Advisers Act, 15 U.S.C. § 80b-9, against Defendants and, if so, the amounts of the disgorgement and/or civil penalties. If disgorgement is ordered, Defendants shall pay prejudgment interest thereon, calculated from August 13, 2014, based on the rate of interest used by the Internal Revenue Service for the underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2). In connection with the Commission's motion for disgorgement and/or civil penalties, and at any hearing held on such a motion: (a) Defendants will be precluded from arguing that Defendants did not violate the federal securities laws as alleged in the Complaint; (b) Defendants may not challenge the validity of the Consent or this Judgment; (c) solely for the purposes of such motion, the allegations of the Complaint shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure. In connection with the Commission's motion for disgorgement and/or civil penalties, the parties may take discovery, including discovery from appropriate non-parties.

## III.
## INCORPORATION OF CONSENT

**IT IS FURTHER ORDERED** that the Consent, including Defendants' and Relief Defendants' agreement to an Order Appointing a Receiver over them, is incorporated herein with the same force and effect as if fully set forth herein, and that Defendants and Relief Defendants shall comply with all of the undertakings and agreements set forth therein.

## IV.
## RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that the Court retains jurisdiction of this matter for the

CASE NO. 20-21964-CIV-ALTONAGA/Goodman

purposes of enforcing the terms of this Judgment.

## V.

### RULE 54(b) CERTIFICATION

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Judgment forthwith and without further notice.

**DONE AND ORDERED** in Miami, Florida, this 12th day of May, 2020.

*Cecilia M. Altonaga*
**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record